**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE AT KNOXVILLE, TENNESSEE**

**ZACHARY SCRUGGS AND SAM COLLETT,**

    Plaintiffs

v.

                                                     No: 3:13-CV-718

**RMB, INC.,**

    Defendant

**DEFENDANT RMB, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant RMB, Inc. ("Defendant"), submits the following Answer and defenses to Plaintiffs' Complaint, as follows:

**FIRST DEFENSE**

Defendant denies the allegations set forth in the Preliminary Statement of the Complaint to the extent they allege any wrongdoing by Defendant.

1. Defendant admits that this Court has jurisdiction over Plaintiff's federal claims. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth paragraph 1 of the Complaint, and therefore denies said allegations.

2. Defendant admits that this Court has jurisdiction over Plaintiff's federal claims. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint, and therefore denies said allegations.

3. In response to the allegations set forth in paragraph 3 of the Complaint, Defendant admits that this Court is a proper venue for this action. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint, and therefore denies said allegations.

4. In response to the allegations set forth in paragraph 4 of the Complaint, Defendant admits that Zachary Scruggs is a natural person. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of the Complaint, and therefore denies said allegations.

5. In response to the allegations set forth in paragraph 5 of the Complaint, Defendant admits that Sam Collett is a natural person. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint, and therefore denies said allegations.

6. In response to the allegations set forth in paragraph 6 of the Complaint, Defendant admits that, under certain circumstances, it may be a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant further admits that it conducts business in the State of Tennessee. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint, and therefore denies said allegations.

7. In response to the allegations set forth in paragraph 7 of the Complaint, Defendant admits that, at times, it uses an automatic telephone dialing system. Defendant further admits that it called Plaintiff Collett's cellular telephone number. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies said allegations.

8. In response to the allegations set forth in paragraph 8 of the Complaint, Defendant denies that Plaintiffs have been damaged. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint, and therefore denies said allegations.

9. All allegations incorporated by reference in paragraph 9 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

10. The legal conclusions set forth in paragraph 10 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

11. The legal conclusions set forth in paragraph 11 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

12. The legal conclusions set forth in paragraph 12 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

13. The legal conclusion set forth in paragraph 13 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

14. The legal conclusions set forth in paragraph 14 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

15. The legal conclusion set forth in paragraph 15 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegation that Plaintiffs are carrying out the intent of the FDCPA. Defendant further states that the legal conclusion set forth in paragraph 16 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

17. The legal conclusions set forth in paragraph 17 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

18. The legal conclusion set forth in paragraph 18 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

19. The legal conclusion set forth in paragraph 19 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

20. The legal conclusions set forth in paragraph 20 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

21. The legal conclusions set forth in paragraph 21 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint to the extent they allege or imply wrongdoing by Defendant. Defendant respectfully refers all questions of law to the Court for determination.

23. The legal conclusions set forth in paragraph 21 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

16.[1] The legal conclusion set forth in second paragraph 16 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

17. The legal conclusions set forth in second paragraph 17 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

18. The legal conclusions set forth in second paragraph 18 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

19. The legal conclusion set forth in second paragraph 19 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

20. The legal conclusion set forth in second paragraph 20 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

---

[1] For an unknown reason, Plaintiffs' Complaint jumps from paragraph 23 back to paragraph 16. Nevertheless, for ease of review, Defendant's Answer follows the exact numbering contained in Plaintiffs' Complaint.

21. The legal conclusions set forth in second paragraph 21 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

22. The legal conclusions set forth in second paragraph 22 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

23. The legal conclusion set forth in second paragraph 23 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

24. All allegations incorporated by reference in paragraph 24 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

25. The legal conclusion set forth in paragraph 25 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

26. The legal conclusions set forth in paragraph 26 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

27. The legal conclusions set forth in paragraph 27 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

28. The legal conclusion set forth in paragraph 28 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

29. The legal conclusions set forth in paragraph 29 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

30. The legal conclusions set forth in paragraph 30 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

31. The legal conclusion set forth in paragraph 31 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

32. The legal conclusions set forth in paragraph 32 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

33. The legal conclusions set forth in paragraph 33 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

34. The legal conclusions set forth in paragraph 34 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

35. The legal conclusion set forth in paragraph 35 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

36. The legal conclusion set forth in paragraph 36 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

37. All allegations incorporated by reference in paragraph 37 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

38. In response to the allegations set forth in paragraph 38 of the Complaint, Defendant admits that Plaintiff Scruggs called Defendant on October 14, 2013. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 38 of the Complaint, and therefore denies said allegations.

39. In response to the allegations set forth in paragraph 39 of the Complaint, Defendant admits that Plaintiff Scruggs was told that a cease communication was in place on an account in his name and that a cease communication was in place on an account in his wife's name, Plaintiff Collett. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 39 of the Complaint, and therefore denies said allegations.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint to the extent they allege wrongdoing by Defendant. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of the Complaint, and therefore denies the same.

41. The legal conclusions set forth in paragraph 41 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

42. In response to the allegations set forth in paragraph 42 of the Complaint, Defendant admits that Plaintiff Scruggs called Defendant on October 14, 2013. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Complaint, and therefore denies said allegations.

43. In response to the allegations set forth in paragraph 43 of the Complaint, Defendant admits that Plaintiff Scruggs was advised that an account for Karns Animal Clinic was with Defendant. Defendant denies the remaining allegations set forth in paragraph 43 of the Complaint.

44. In response to the allegations set forth in paragraph 44 of the Complaint, Defendant denies that it violated the FDCPA. Defendant respectfully refers all questions of law to the Court for determination.

45. In response to the allegations set forth in paragraph 45 of the Complaint, Defendant denies that it violated the FDCPA. Defendant respectfully refers all questions of law to the Court for determination.

46. In response to the allegations set forth in paragraph 46 of the Complaint, Defendant admits that it told Plaintiff Scruggs that paperwork on the account had been sent out and that Plaintiff Scruggs stated that he had no record of it. Defendant further admits that Plaintiff Scruggs requested that the number he was calling from be removed. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining

allegations set forth in paragraph 46 of the Complaint, and therefore denies said allegations.

47. Defendant admits that it called Plaintiff Collett's cellular telephone number. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 47 of the Complaint, and therefore denies said allegations.

48. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, and therefore denies said allegations.

49. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint, and therefore denies said allegations.

50. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and therefore denies said allegations.

51. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint, and therefore denies said allegations.

52. Defendant admits that Exhibit D to the Complaint speaks for itself. Defendant denies the remaining allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint, and therefore denies said allegations.

55. The legal conclusion set forth in paragraph 55 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

56. In response to the allegations set forth in paragraph 56 of the Complaint, Defendant denies calling Plaintiff Scruggs on Plaintiff Collett's cellular telephone. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 56 of the Complaint, and therefore denies said allegations.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint to the extent they allege or imply wrongdoing by Defendant. Defendant respectfully refers all questions of law to the Court for determination.

58. Defendant denies the allegations set forth in paragraph 58 of the Complaint to the extent they allege or imply wrongdoing by Defendant. Defendant respectfully refers all questions of law to the Court for determination.

59. In response to the allegations set forth in paragraph 59 of the Complaint, Defendant denies that it committed any violations. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 59 of the Complaint, and therefore denies said allegations.

60. In response to the allegations set forth in paragraph 60 of the Complaint, Defendant admits that it called Plaintiff Collett's cellular telephone number. Defendant denies the

allegations set forth in paragraph 60 of the Complaint to the extent they allege or imply wrongdoing by Defendant.

61. The legal conclusions set forth in paragraph 61 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

62. All allegations incorporated by reference in paragraph 62 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

63. In response to the allegations set forth in paragraph 63 of the Complaint, Defendant denies that it violated the FDCPA. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 63 of the Complaint, and therefore denies said allegations.

64. The legal conclusions set forth in paragraph 64 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66. In response to the allegations set forth in paragraph 66 of the Complaint, Defendant denies that it made any illegal communications. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 66 of the Complaint, and therefore denies said allegations.

67. The legal conclusion set forth in paragraph 67 of the Complaint does not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. All allegations incorporated by reference in paragraph 69 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

70. In response to the allegations set forth in paragraph 70 of the Complaint, Defendant denies that it called Plaintiff Collett's cellular telephone number with an automatic telephone dialing system without her consent. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 70 of the Complaint, and therefore denies said allegations.

71. The legal conclusions set forth in paragraph 71 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

72. In response to the allegations set forth in paragraph 72 of the Complaint, Defendant denies that it violated the TCPA. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 72 of the Complaint, and therefore denies said allegations.

73. The legal conclusions set forth in paragraph 73 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

74. The legal conclusions set forth in paragraph 74 of the Complaint do not include an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

75. Defendant denies the allegations set forth in paragraph 75 of the Complaint.

61.[2] All allegations incorporated by reference in second paragraph 61 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

62. The legal conclusion set forth in second paragraph 62 of the Complaint does not contain an allegation against Defendant to which a responsive pleading is required. Defendant respectfully refers all questions of law to the Court for determination.

63. Defendant denies the allegations set forth in second paragraph 63 of the Complaint to the extent they allege or imply wrongdoing by Defendant.

64. The legal conclusions set forth in second paragraph 64 of the Complaint do not contain an allegation against Defendant to which a responsive is required. Defendant respectfully refers all questions of law to the Court for determination.

65. Defendant denies the allegations set forth in second paragraph 65 of the Complaint to the extent they allege or imply wrongdoing by Defendant.

66. Defendant denies the allegations set forth in second paragraph 66 of the Complaint to the extent they allege or imply wrongdoing by Defendant.

67. All other allegations of the Complaint not otherwise specifically admitted or denied herein are denied.

## ADDITIONAL DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs claims may be barred by the statute of limitations.

---

[2] Once again, Plaintiffs' Complaint inexplicably jumps between paragraph numbers. As before, Defendant's Answer follows the exact numbering contained in Plaintiffs' Complaint.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

5. Plaintiffs have failed to mitigate their damages, if any.

6. Plaintiffs consented to being contacted on their cell phone(s).

WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' Complaint at Plaintiffs' cost, and award Defendant its reasonable attorney fees and costs as provided for under applicable law.

This the 23rd day of December, 2013.

*/s/ John M. Lawhorn*
John M. Lawhorn (BPR No. 14388)
**Frantz, McConnell & Seymour, LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321
Attorney for Optima Recovery Services, LLC

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 23rd day of December, 2013, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Zachary Scruggs
Sam Collett
312 S. Chamberlain Avenue
Rockwood, TN 37854

                */s/ John M. Lawhorn*
                John M. Lawhorn
                **FRANTZ, McCONNELL & SEYMOUR, LLP**